STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

July 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES W. MARTIN,**
**Claimant Below, Petitioner**

**vs.)  No. 13-1026** (BOR Appeal No. 2048207)
(Claim No. 2009068597)

**MAGNUM COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles W. Martin, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Magnum Coal Company, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 13, 2013, in which the Board affirmed a March 7, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 13, 2012, decision, which closed Mr. Martin's claim for an additional award of permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Martin was employed by Magnum Coal as a chief electrician. Mr. Martin suffered two work-related injuries. The first one was a lower back injury that occurred in 1986. Mr. Martin was granted a 17% permanent partial disability award based upon that injury. Then on November 13, 2008, Mr. Martin suffered an injury to his ribs, back, legs, and pelvis. Mr.

1

Martin's claim was held compensable for an open bimalleolar fracture, a closed fracture of pubis, a closed fracture of lumbar vertebrae without spinal cord injury, a closed fracture of the shaft of fibula with tibia, and an abrasion or friction burn of trunk without infection. Mr. Martin's right knee was not a compensable diagnosis under this claim or the previous one. Mr. Martin has had independent medical evaluations from Paul Bachwitt, M.D., Bruce Guberman, M.D., Marsha Bailey, M.D., and Robert Walker, M.D. Dr. Bachwitt found no impairment in Mr. Martin's lumbar spine because his previous 17% award covered all of his impairment. Dr. Bachwitt recommended 15% whole person impairment for Mr. Martin's pelvis and 5% whole person impairment for Mr. Martin's right ankle. In total Dr. Bachwitt recommended 19% permanent partial disability. The claims administrator adopted the report of Dr. Bachwitt and awarded 19% permanent partial disability on November 24, 2009.

On January 19, 2011, Dr. Guberman agreed that Mr. Martin had reached his maximum degree of medical improvement. He, however, believed Mr. Martin's lumbar spine symptoms and abnormalities were more attributable to his current injury. Dr. Guberman agreed with Dr. Bachwitt that Mr. Martin had sustained 15% impairment with regard to his fractured pelvis. Dr. Guberman also recommended 8% whole person impairment beyond the 17% awarded in 1988. Dr. Guberman recommended 5% impairment for Mr. Martin's right ankle injury and 1% impairment for Mr. Martin's right knee. His total recommendation was 27% whole person impairment, which resulted in an increase of 8% permanent partial disability because he had already been awarded 19% permanent partial disability in 2008.

Dr. Bailey also agreed that Mr. Martin had reached his maximum degree of medical improvement. She recommended 8% impairment for Mr. Martin's lumbar spine but noted that he had previously received 17% permanent partial disability. Dr. Bailey found no impairment for the right lower leg and ankle fractures. Dr. Bailey agreed with Drs. Guberman and Bachwitt that Mr. Martin suffered 15% whole person impairment in the pelvis area. Dr. Bailey's final recommendation was for no increase in permanent partial disability because the 17% permanent partial disability award related to the 1986 injury and the increase to 19% permanent partial disability award for the 2008 injury fully compensated Mr. Martin.

Dr. Walker, on June 18, 2012, opined that Mr. Martin suffered 13% whole person impairment for the lumbar spine, 15% whole person impairment for the pelvis, and 19% whole person impairment for the right lower extremity. This resulted in a recommendation of 40% whole person impairment.

On January 13, 2012, the claim administrator decided that Mr. Martin had been fully compensated for his injuries with the 17% prior award for the spine and the 19% permanent partial disability award related to this claim. Mr. Martin protested.

The Office of Judges first determined that Mr. Martin's prior award of 17% permanent partial disability and 19% permanent partial disability fully compensated him. The Office of Judges noted that right knee injuries were never a part of the claim and that no right knee injury has ever been held compensable in this claim. As a result, the Office of Judges refused to attribute any whole person impairment based upon the right knee condition. The Office of Judges

2

noted that Dr. Guberman and Dr. Walker apportioned the prior 17% permanent partial disability award out before they applied West Virginia Code of State Rules § 85-20-C (2006), to the instant claim. The Office of Judges noted that this was a bad practice because the 17% permanent partial disability award previously granted was based upon the report of Dr. Lee. Back when Dr. Lee suggested the award the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), was not published. As a result, the Office of Judges determined that because Dr. Lee did not base his recommendation of whole person impairment strictly upon the range-of-motion model, it hardly seems logical to adopt the technique suggested by Drs. Guberman and Walker to subtract Mr. Martin's pre-existing award from their range of motion findings and thereafter apply West Virginia Code of State Rules § 85-20-C. The Office of Judges noted that in applying West Virginia Code § 23-4-9b (2003), to the present fact situation, the clearest and most logical approach would be to subtract the previous impairment from the present recommendations after they had been adjusted by West Virginia Code of State Rules § 85-20-C. The Office of Judges then determined that it was clear that even the most liberal evaluation of Mr. Martin's low back condition suggests no more than 13% impairment under that apportionment theory. The Office of Judges affirmed the claims administrator's decision to close the claim for permanent partial disability. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Dr. Walker's report contained the highest level of impairment and Dr. Walker only found 13% impairment in the spine when apportioned correctly. The apportionment is supported by this Court's previous jurisprudence in *Boone v. SWVA, Inc.,* 12-0221 (2014) (memorandum decision) (affirming the Board of Review's decision, which held that Dr. Mukkamala's apportionment was most in agreement with the American Medical Association's *Guides* because he apportioned after the placement in West Virginia Code of State Rules § 85-20-C as opposed to Dr. Guberman who apportioned prior to the placement in West Virginia Code of State Rules § 85-20-C). As a result, the previous grant of a 17% permanent partial disability award fully compensated Mr. Martin as it related to his lower back. Next, there has never been a compensable knee injury in this claim or any other claims of Mr. Martin's. As a result, his symptoms cannot be traced to work, and he should not be awarded any permanent partial disability based upon it. The award of 15% permanent partial disability related to the pelvic injury is not refuted by any physician. Finally, the grant of 5% permanent partial disability for the ankle is supported by the reports of Dr. Mukkamala and Dr. Guberman. Dr. Walker found more impairment than the other physicians of record concerning the right lower extremity. However, his calculation of impairment included knee impairment. As discussed earlier no compensable condition related to the knee has been recognized as a compensable condition of any injury suffered by Mr. Martin. As a result, it was not in error for the Office of Judges and Board of Review to not award any permanent partial disability based upon it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **July 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II